**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| THOMAS STOLTENBERG,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 07-3028-MWB<br>(No. CR 04-3031-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges and Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Sentencing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C. Appeal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *D. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . 5
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        1.    *Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . 7
        2.    *Bar Against Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 8
        1.    *Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . 8
        2.    *Failure to Object to Noncompliance With Plea Agreement* . . 11
    *D. Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 17

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## I. INTRODUCTION

This matter comes before the court pursuant to petitioner Thomas Stoltenberg's April 23, 2007, *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion"). Stoltenberg claims that his trial counsel provided ineffective assistance by not objecting to the prosecution's failure to abide by the terms of a plea agreement when the prosecution did not move for a one-point reduction pursuant to U.S.S.G §3E1.1(b), at sentencing.

### A. Charges and Plea

On November 10, 2004, Stoltenberg was charged, by a two-count indictment (CR 04-3031, docket no.1), with knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) and with knowingly and intentionally possessing with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1 and 841(b)(1)(C), on or about September 8, 2004. On December 8, 2004, the prosecution filed a superseding indictment, adding language to count two indicating that Stoltenberg possessed 5 or more grams of actual methamphetamine. Stoltenberg initially appeared before United States Chief Magistrate Judge Paul A. Zoss on December 10, 2004, and pleaded not guilty to all counts. *See* CR 04-3031, docket no. 6.

By Order (CR 04-3031, docket no. 7) of December 10, 2004, trial was scheduled for February 7, 2005. By Order (CR 04-3031, docket no. 8) of January 7, 2005, Judge Zoss scheduled a plea hearing for January 24, 2005, striking the trial date of February 7, 2005. The plea hearing was re-scheduled by Judge Zoss, to February 8, 2005, by Order (CR 04-3031, docket no. 10) of January 20, 2005. By Order (CR 04-3031, docket no. 12)

of February 8, 2005, Judge Zoss cancelled the plea hearing scheduled for the same date. On February 9, 2005, Judge Zoss entered an Order (CR 04-3031, docket no. 14) continuing and re-setting the trial date in this matter to February 28, 2005. The prosecution filed a second superseding indictment (CR 04-3031, docket no. 17) on February 16, 2005, adding count three, charging Stoltenberg with knowingly and unlawfully conspiring to distribute 5 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 21 U.S.C. §§ 846 and 851. By Order (CR 04-3031, docket no. 21 ) of February 23, 2005, Judge Zoss cancelled the arraignment originally scheduled for February 23, 2005, because a written arraignment and plea of not guilty (CR 04-3031, docket no. 22) had been submitted to the court by Stoltenberg.

## B. *Sentencing*

On February 24, 2005, Stoltenberg appeared before the undersigned and pleaded guilty to count two of the second superseding indictment. *See* docket no. 24. By Order (CR 04-3031, docket no. 25), of March 3, 2005, the undersigned scheduled a sentencing hearing for July 1, 2005. The sentencing was thereafter continued to August 2, 2005. See CR 04-3031, docket no. 26.

Stoltenberg appeared before the undersigned for sentencing on August 2, 2005. *See* CR 04-3031, docket no. 27. Stoltenberg was sentenced, by the undersigned, to a term of 77 months, followed by four years of supervised release, on count two; counts one and three of the second superseding indictment were dismissed. *See* CR 04-3031, docket no. 28.

### C. Appeal

On August 8, 2005, Stoltenberg filed his Notice of Appeal (CR 04-3031, docket no. 28) providing notification that he was appealing his judgment and sentence to the Eighth Circuit Court of Appeals on the ground that error was committed when the prosecution failed to abide by the plea agreement at sentencing. On January 22, 2007, the Eighth Circuit Court of Appeals issued its opinion, holding that Stoltenberg waived his right to raise an argument based on the prosecution's failure to move for a third level acceptance of responsibility reduction because he did not raise the prosecution's failure at sentencing and did not move to withdraw his plea of guilty. *See* CR 04-3031, docket no. 48. In his appeal, Stoltenberg did not raise, nor did the Eighth Circuit Court of Appeals address, the issue of whether Stoltenberg had received ineffective assistance of counsel.

### D. Section 2255 Motion

On April 23, 2007, Stoltenberg filed this *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (docket no. 1)("Motion"). Stoltenberg claims that his trial counsel provided ineffective assistance by not objecting, at sentencing, to the prosecution's failure to abide by the terms of a plea agreement when the prosecution did not move for a one-point reduction pursuant to U.S.S.G § 3E1.1(b).

On April 24, 2007, the court entered an Order Setting Briefing Schedule (docket no. 3) ordering the prosecution to file a brief in response to Stoltenberg's Motion on or before June, 8, 2007, and ordering Stoltenberg to file a reply brief by June 25, 2007. The prosecution filed a Resistance (docket no. 5) on June 4, 2007. On June 25, 2007, Stoltenberg filed a *pro se* Reply Brief (docket no. 6).

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Stoltenberg's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors

5

> were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Stoltenberg's claim for § 2255 relief.

### B. Preliminary Matters

#### 1. Evidentiary Hearing

Stoltenberg has not requested an evidentiary hearing on his Motion, and in any event, in this case, the court concludes that an evidentiary hearing is not required. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C. §2255. The court concludes that no evidentiary hearing is required on any issue, because

the record conclusively shows that Stoltenberg's allegations, if accepted as true, would not entitle him to relief because he cannot demonstrate prejudice.

### 2. *Bar Against Claim*

Stoltenberg claimed on appeal that error was committed when the prosecution failed to abide by the plea agreement at sentencing. The Eighth Circuit Court of Appeals rejected the claim that error was committed on the basis that Stoltenberg waived the claim by not objecting to the alleged violation of the plea agreement at the time of sentencing. The Eighth Circuit Court of Appeals has repeatedly held that any matter that has been decided adversely to the petitioner upon direct appeal is not cognizable under § 2255. *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003); *see also United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974); *Sykes v. United States*, 341 F.2d 104 (8th Cir. 1965); *Franano v. United States,* 303 F.2d 470 (8th Cir.), *cert.denied*, 371 U.S. 865 (1962).

In this case, however, the issue of whether Stoltenberg's rights were violated when his trial counsel allegedly provided ineffective assistance of counsel by failing to object, at sentencing, when the prosecution failed to make a recommendation for further reduction, was not raised or decided on direct appeal. This court, therefore, finds that, to the extent that Stoltenberg's claim is based on an allegation that his trial counsel provided ineffective assistance of counsel, it was not adversely decided on appeal and is not barred from consideration by this court on such grounds.

### C. Ineffective Assistance Of Counsel
### 1. *Applicable Standards*

Stoltenberg asserts that his trial counsel provided him with ineffective assistance of counsel by not objecting to the prosecution's failure to abide by the terms of a plea

agreement when the prosecution did not move for a one-point reduction pursuant to U.S.S.G §3E1.1(b), at sentencing.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Stoltenberg is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)

(quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-*

*Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Failure to Object to Noncompliance With Plea Agreement*

Stoltenberg states that on February 24, 2005, he accepted a plea agreement offered to him by the prosecution. (Memorandum at 2). Stoltenberg states that the plea agreement stipulated that an additional one-level reduction, acknowledging the timeliness of his decision to plead guilty, would be filed by the prosecution. (Memorandum at 2).

The prosecution argues that after Stoltenberg indicated that he was going to plead guilty and a plea hearing was scheduled for February 8, 2005, Stoltenberg changed his mind and failed to go through with the plea as scheduled. (Prosec. Memo at 5). After Stoltenberg failed to plead guilty on February 8, 2005, the court set a trial date for February 28, 2005. (Prosec. Memo at 5). The prosecution points out that it was not until February 24, 2005, that Stoltenberg again indicated an intent to plead guilty. (Prosec. Memo at 6). The prosecution indicates, that, at this stage in the proceedings, it had filed a trial memorandum, witness list, and proposed jury instructions. (Prosec. Memo at 6).

The prosecution further argues that Stoltenberg did not object to the final Presentence Investigation Report, which did not provide for a reduction in Stoltenberg's sentence for timely acceptance of responsibility pursuant to U.S.S.G. 3E1.1. The prosecution also points to the fact that during Stoltenberg's sentencing hearing, he did not object to the offense level established by the Presentence Investigation Report, did not raise the alleged breach of the plea agreement, did not seek a clarification of the prosecution's position, and did not move to withdraw his plea. (Prosec. Memo at 8). The prosecution claims that Stoltenberg's failure to raise this issue at sentencing should constitute a waiver of this issue for purposes of this Motion. (Prosec. Memo at 14). The prosecution argues that Stoltenberg's counsel made a strategic decision to proceed with sentencing rather than to withdraw the guilty plea because Stoltenberg, based on a prior disclosure, during debriefing, of responsibility for a larger amount of drugs, would have been exposed to a higher offense level if he had withdrawn his plea. (Prosec. Memo at 16).

Further, the prosecution argues that even if Stoltenberg can prove that his counsel was ineffective, Stoltenberg cannot demonstrate that he suffered any prejudice. (Prosed. Memo at 17). The prosecution states that even if Stoltenberg had received the one-level reduction for a timely plea, his sentencing range would have been 70 to 87 months instead of 77 to 96 months. (Prosec. Memo at 17). The prosecution argues that the 77 months Stoltenberg was sentenced to was within the range of either guideline calculation. (Prosec. Memo at 17).

Before this court can determine whether or not Stoltenberg's trial counsel provided ineffective assistance of counsel by failing to object to the prosecution's alleged breach of the plea agreement, the court must first find that the plea agreement was, in fact, breached. The Eighth Circuit Court of Appeals did not reach this question on appeal because it found that Stoltenberg had waived his right to appeal the issue. *See* CR 04-3031, docket no. 48.

When a guilty plea is induced by an agreement, the government must abide by its terms. *United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir, 2009)(citing *United States v. E.V.*, 500 F3d 747, 754 (8th Cir. 2007)(holding that the government breached the plea agreement by arguing that U.S.S.G. § 2D1.1(b) applied when the agreement stated the opposite)); *United States v. Mosley*, 505 F.3d 804, 808-09 (8th Cir. 2007)(finding a breach when the government cited defendant's pre-plea statements when refusing to abide by the plea agreement); *United States v. Granados*, 168 F.3d 343, 345-46 (8th Cir. 1999) (*per curiam*)(when the plea agreement identified a drug quantity for sentencing, the government breached the agreement by not objecting to the higher quantity in the PSR). Plea agreements are contractual in nature and should be interpreted according to general contract principles. *United States v. Leach*, 562 F.3d 930, 935 (8th Cir. 2009) (citing *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007)). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. Plea agreements are contracts that must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). The party asserting the breach has the burden of establishing a breach. *Leach*, 562 F.3d at 935 (citing *United States v. Smith*, 429 F.3d 620, 630 (6th Cir. 2005)). In considering whether the government's agreement to make a recommendation for a third point reduction was conditional, we turn to the text of the plea agreement. *See United States v. Yah*, 500 F.3d 698, 703, (8th Cir. 2007). Ambiguities in plea agreements are construed against the government. *Id.* 704 ("Where a plea agreement is ambiguous, the ambiguities are construed against the government.")(citing *United States v. Jensen*, 423 F.3d 851, 854 (8th Cir. 2005)).

Here, paragraph 8B of the plea agreement states, in relevant part, "If the defendant continues to accept responsibility and the court grants a two level reduction under U.S.S.G. § Section 3E1.1(a), the United States agrees to make a motion under U.S.S.G.

13

§ Section 3E1.1(b) for an additional one-level reduction, acknowledging the timeliness of the defendant's decision to plead guilty." It is clear that the prosecution's promise to make a motion under Section 3E1.1(a) was conditional on Stoltenberg "continuing to accept responsibility" and that the motion would be made in order to acknowledge the "timeliness of [his] decision to plead guilty."

Stoltenberg's trial was scheduled for February 7, 2005. *See*, CR 04-3031, docket no. 7. On January 7, 2005, Judge Zoss entered an Order (docket no. 8 ) striking the trial date and setting the matter for a plea hearing on January 24, 2005. Subsequently, the plea hearing was continued to February 8, 2005, due to a scheduling conflict on the part of Stoltenberg. *See* CR 04-3031, docket no. 10. On February 8, 2005, at the request of Stoltenberg, Judge Zoss cancelled the plea hearing and placed the case back on the trial docket. *See* docket no. 12. By Order (CR 04-3031, docket no. 14) of February 9, 2005, Judge Zoss scheduled trial for February 28, 2005. On February 16, 2005, the prosecution filed its Trial Brief (CR 04-3031, docket no. 16). On February 22, 2005, the prosecution filed its Witness List (CR 04-3031, docket no. 20). Further, on February 23, 2005, the prosecution filed Proposed Jury Instructions (CR 04-3031, docket no. 23). On the last business day before the date of the scheduled trial, on February 24, 2005, Stoltenberg signed the plea agreement and appeared before the undersigned to enter a plea of guilty. *See* CR 04-3031, docket no. 24.

Under these circumstances, this court cannot find that the prosecution breached its plea agreement with Stoltenberg with regard to making the motion for an additional one-level reduction pursuant to 3E1.1(a). Stoltenberg did not "continue to accept responsibility," but rather, until the day before trial, indicated that he intended to maintain his innocence. Further, Stoltenberg's decision to accept the plea agreement and plead guilty one day before trial was not timely. Stoltenberg's decision to delay acceptance of

the plea agreement and indicate his intent to plead guilty required the prosecution to engage in time-consuming and costly trial preparation. A defendant is not automatically entitled to a reduction for acceptance of responsibility on the basis of having entered a guilty plea. *United States v. Goings*, 200 F.3d 539, 543 (8th Cir. 2000)(citing *United States v. Wivell*, 893 F.2d 156, 158-59 (8th Cir. 1990)). Here, there was simply no breach of the plea agreement because the acceptance of responsibility recommendation was conditioned upon Stoltenberg exhibiting conduct consistent with acceptance of responsibility, and Stoltenberg failed to do so. *See United States v. Adams*, 197 F.3d 1221, 1223 (8th Cir. 1999).

Because this court determines that the prosecution did not breach the plea agreement in this case, Stoltenberg cannot establish that his trial counsel was deficient for failing to object to the prosecution's failure to make a recommendation for the additional one-level reduction pursuant to 3E1.1(b). His counsel's conduct did not fall "below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

However, even if Stoltenberg were able to establish that his counsel's performance was deficient, this court believes that Stoltenberg cannot establish that he was prejudiced by his trial counsel's performance. The plea agreement here did not bind the district court. Fed. R. Crim. P. 11(c)(1)(B). *Lovelace*, 565 F.3d at 1088 (citing *United States v. Norris*, 486 F.3d 1045, 1047 n.1 (8th Cir. 2007)(*en banc*)(*plurality opinion*)("The plea agreement was made in accordance with Fed. R. Crim. P. 11(c)(1)(B), under which a sentencing recommendation or request does not bind the court.")). Whether or not the government recommended a third-level reduction for acceptance of responsibility, the district court was not bound by that recommendation under the plea agreement. The court was well aware

that Stoltenberg, after indicating that he wanted to plead guilty and asking the court to schedule a plea hearing, changed his mind and indicated he wanted to go to trial. Stoltenberg did not then indicate his intention to plead guilty until the last business day before trial was scheduled, and after the Prosecution had prepared and filed a Witness List, a Trial Memorandum, and Proposed Jury Instructions.

Further, Paragraph VII of the Trial Management Order (CR 04-3031, docket no. 7) states that the additional 1-level decrease for acceptance of responsibility provided for under § 3E1.1(b) may not be granted unless notice is given to the court by no later than the close of business 7 court days before the commencement of trial that the defendant has entered into a plea agreement or has entered a plea of guilty resolving all pending charges. Once this deadline has expired, the parties can assume that, unless exceptional circumstances are shown, the court will not grant the additional 1-level decrease. Stoltenberg did not provide such notice to the court.

Stoltenberg's conduct is plainly inconsistent with acceptance of responsibility and could have justified the denial of any reduction under U.S.S.G. § Section 3E1.1. *See United States v. Newson*, 46 F.3d 730, 734 (8th Cir. 1995); *United States v. Smith*, 422 F.3d 715, 727 (8th Cir. 2005). The additional third-level reduction, which a defendant is not entitled to as a matter of right, "is warranted where the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently". *Smith*, 422 F.3d at 726.

Because the court would not have been bound by the plea agreement, even if it were construed to require the prosecution to make a recommendation for an additional 1-level decrease, the court cannot find prejudice in this case, where Stoltenberg's actions were

inconsistent with the additional one point reduction pursuant to § 3E1.1(b). Stoltenberg cannot demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]"). Because Stoltenberg cannot show that he was prejudiced by his trial counsel's performance, relief cannot be granted in this case.

### D. *Certificate of Appealability*

Denial of Stoltenberg's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Stoltenberg has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Stoltenberg's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Stoltenberg does not make the requisite showing to satisfy § 2253(c) on his claim for relief,

and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Stoltenberg's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA